**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DOUGLAS A. FISHER,**
        **Petitioner,**

**v.**                                            **Case No.  3:11cv241/RV/MD**

**KENNETH S. TUCKER,**
        **Respondent.**

_____

<u>**AMENDED REPORT AND RECOMMENDATION**</u>

        This case is before the court on Douglas A. Fisher's ("Mr. Fisher") May 6, 2011 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), later amended (doc. 7).  Respondent has requested that this court dismiss the petition as time-barred (doc. 18).  In a Report and Recommendation (doc. 21), the undersigned recommended that the motion to dismiss be granted based on timeliness.  Respondent objected in part, arguing that the undersigned had made a holding on an issue that was not before the court (doc. 22).  The district judge referred the matter back for clarification (doc. 23).

        As before, the matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 25, 1987, Mr. Fisher was charged via information with two counts in the Circuit Court of Escambia County, Florida in case number 87-CF-2905 (doc. 18, ex. T, p. 3)[1].  Count 1 alleged sexual battery of a child less than 12 years old in violation of Section 794.011(2), Florida Statutes.  *Id*.  Count 2 alleged lewd and lascivious conduct in violation of Section 800.04, Florida Statutes.  *Id*.  On December 18, 1987, he was found guilty of both counts by a jury.  *Id*. at 8-9.  He then filed a motion for judgment of acquittal and a motion for a new trial as to both counts.  *Id*. at 10-13.  On October 26, 1988, the trial court denied the motion for judgment of acquittal, but granted Mr. Fisher's motion for a new trial as to count 1 only.  *Id*. at 14-27.

On March 6, 2006, Mr. Fisher was charged again via an Amended Information with count 1, capital sexual battery against a child under 12 years old.  *Id*. at 5.  He was retried on July 12, 2006 and found guilty as charged again.  *Id*. at 125-26.  The court sentenced him to life in prison with no eligibility of parole for 25 years to run consecutively to his prior 3.5 year sentence served on count 2.  *Id*. at 127-38.

On July 24, 2006, Mr. Fisher filed an appeal with the Florida First District Court of Appeal ("First DCA") as to his conviction and sentence on count 1.  *Id*. at 139.  However, Mr. Fisher's appellate counsel filed an *Anders*[2] brief being unable to make a good faith argument that reversible error occurred at trial (ex. V).  Mr. Fisher filed *pro se* appellate briefs (ex. W and Z).  On February 28, 2008, the First DCA affirmed the conviction and sentence stating:  "After a thorough review of the record and consideration of the issues raised in appellant's pro se amended initial brief, appellant's conviction is AFFIRMED."  Ex AA.  Mandate issued on May 27, 2008 (ex. BB).

---

[1]Hereinafter, all references to exhibits will be to those provided at Doc. 18, unless otherwise noted.

[2]*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

On April 2, 2009, Mr. Fisher filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. CC). On September 3, 2009, the Rule 3.850 court struck the motion as facially insufficient, but granted Mr. Fisher leave to amend within 60 days (ex. DD). Mr. Fisher then filed an Amended Rule 3.850 motion on November 2, 2009 (ex. EE). On November 12, 2009, the Rule 3.850 court again struck the motion as facially insufficient because Mr. Fisher failed to sign his oath, but granted leave to file another amended motion (ex. FF). Mr. Fisher filed a Second Amended Rule 3.850 motion on December 3, 2009 alleging numerous ineffective assistance of counsel arguments and speedy trial violations (ex. HH). On May 3, 2010, the Rule 3.850 court issued a lengthy denial of Mr. Fisher's Second Amended Motion. *Id.* Mr. Fisher moved for a rehearing, but it was denied. *Id.*

On October 13, 2010, Mr. Fisher appealed to the First DCA (ex. II), which on November 9, 2010 issued a *per curiam* opinion affirming the Rule 3.850 court's denial of his motion for post-conviction relief (ex. KK). Mr. Fisher then filed a motion for rehearing (ex. LL), which was denied by the First DCA (ex. MM). Mandate issued on February 1, 2011 (ex. NN).

Petitioner filed the instant petition for federal writ of habeas corpus on May 6, 2011 (doc. 1), later amended on June 16, 2011 (doc. 7).

## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition." *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006).  According to the tolling provision of Section 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation.  28 U.S.C. § 2244(d)(2).

Although the federal statute does not define "properly filed," the Supreme Court has construed the phrase. *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315-16 (11th Cir. 2006).  In *Artuz*, the Supreme Court explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8.  The laws and rules about filings generally prescribe the form of the document, the time limits on its delivery, and the court and office in which it must be filed.  *Id.*  Importantly, an application that was erroneously accepted (i.e. it did not comply with procedural requirements) will be pending, but it will not be "properly filed." *Artuz*, 531 U.S. at 9.

The First DCA affirmed Mr. Fisher's conviction and sentence on February 28, 2008 (ex. AA).  He did not move for rehearing, nor did he appeal to the Florida

Supreme Court.[3]  He also did not file a writ of certiorari with the United States Supreme Court. According

ly, his conviction became "final" for purposes of Section 2244 on May 28, 2008, 90 days later.  The federal habeas statute of limitations began to run on that date.  *See* 28 U.S.C. § 2244(d)(1).  Therefore, in order to be timely, Mr. Fisher had to file his federal habeas petition by May 28, 2009 absent any tolling.

Mr. Fisher filed his Rule 3.850 motion on April 2, 2009, 309 days after his judgment became final (ex. CC).  This properly filed motion tolled the statute of limitations until it was stricken by the Rule 3.850 court as facially insufficient on September 3, 2009 (ex. DD).  Since there was no pending post-conviction motion, the statute of limitations began to run again until Mr. Fisher filed his Amended Rule 3.850 motion on November 2, 2009.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court").

At that point 59 more days of his statute of limitations had expired.  Therefore, since 309 days plus 59 days equal 368 days, Mr. Fisher's one-year statute of limitations had already expired.  28 U.S.C. § 2244(d).  The instant petition, which was filed well after that date, is untimely.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229

---

[3]This is where respondent seeks clarification.  He objected (doc. 22) to the statement that Mr. Fisher "did not appeal to the Florida Supreme Court."  (Doc. 21, p. 5).  Respondent is concerned that the quoted language was a holding that Mr. Fisher had the *right* to such an appeal.  No such holding was intended.  The language was actually surplusage (repeated here just to show the context in which it was written) and was not intended to make any kind of holding, and it logically could not have been since the undersigned determined the commencement of the running of the federal limitations period as May 28, 2008 (doc. 21, p. 5).  That date is the day after Mr. Fisher's right to seek certiorari in the United States Supreme Court expired.  If the undersigned had "held" that Mr. Fisher had the right to appeal to, or seek certiorari in, the Florida Supreme Court but failed to do so, then his conviction would have become final thirty (rather than ninety) days after the First DCA's decision.  *Gonzalez v. Thaler*, - - - U.S. - - -, 132 S.Ct. 641 (2012).  Were that the case, Mr. Fisher's petition in this court would have been sixty days *more untimely* than it actually was.  Therefore, this Report and Recommendation does not address the question of whether Mr. Fisher had the right to appeal to the Supreme Court of Florida because calculating the commencement date of the federal limitations period under either scenario results in a finding that the instant petition is untimely.

Case 3:11-cv-00241-RV-MD   Document 25   Filed 04/23/12   Page 6 of 8

Page 6 of 8

 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562-63 (citation and internal quotation marks omitted).  Equitable tolling is an extraordinary remedy to be applied sparingly, and the petitioner has the burden of establishing he is entitled to it. *Drew v. Fla. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Recently, the United States Supreme Court clarified that counsels' failure to inform petitioner or the court that they no longer would represent petitioner, while letting the time to file a notice to appeal lapse, constituted cause to excuse petitioner's procedural default. *Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912 (2012).

Mr. Fisher has not alleged any facts to entitle him to equitable tolling.  Mr. Fisher has the burden of establishing he is entitled to equitable tolling, and based on the pleadings, this court finds that he failed to meet that burden.


## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  Mr. Fisher has not established entitlement to equitable tolling or any other exception to the limitations period.  Therefore, respondent's motion to dismiss (doc. 18) should be granted, and the petition should be dismissed.


## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), later amended (doc. 7) challenging the conviction and sentence in *State of Florida v. Fisher*, in the Circuit Court of Escambia County, Florida, case number 87-CF-2905, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 23rd day of April, 2012.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**